**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| FREEDOM PATENTS LLC, <br><br> Plaintiff, <br><br> v. <br><br> MEDIATEK INC., <br><br> Defendant. | CIVIL ACTION NO. 4:25-cv-425 <br><br> ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Freedom Patents LLC ("Freedom Patents" or "Plaintiff") files this original complaint against Defendant MediaTek Inc. ("MediaTek" or "Defendant"), alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

**PARTIES**

1.      Freedom Patents is a limited liability company formed under the laws of the State of Texas, with its principal place of business at 2325 Oak Alley, Tyler, Texas, 75703.

2.      Defendant MediaTek Inc. ("MediaTek") is a foreign company organized and existing under the laws of Taiwan.  It has a place of business at No. 1, Dusing 1st Road, Hsinchu Science Park, Hsinchu City 30078, Taiwan.  MediaTek may also be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute.  This action arises out of that business.

3.    MediaTek and its affiliates are part of an interrelated group of companies which together comprise "the world's fifth largest global fabless semiconductor company."[1] MediaTek's products "power more than 2 billion devices a year—supporting productivity in 20 percent of homes and nearly 1 of every 3 mobile phones globally."[2]

4.    MediaTek and its affiliates are part of the same corporate structure and distribution chain for the making, importing, offering to sell, selling, and using of the accused devices in the United States, including in the State of Texas generally and this judicial district in particular.  MediaTek explains that it is a multinational company, "headquartered in Taiwan, with ales and R&D teams in Singapore, China, India, the United States, Japan, Korea, the United Kingdom, Finland, Sweden, Germany, the Netherlands, Dubai, and Poland."[3] One of its American affiliates is MediaTek USA Inc.

5.    MediaTek and its affiliates share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms, and accused product lines and products involving related technologies.

6.    MediaTek and its affiliates regularly contract with customers regarding products made for or on behalf of those customers.

7.    Thus, MediaTek and its affiliates operate as a unitary business venture and are jointly and severally liable for the acts of patent infringement alleged herein.

---

[1] *See* https://www.mediatek.com/company/discover

[2] *See id.*

[3] *See* www.mediatek.com/posts/2023-English-Annual-Report_Final.pdf

## JURISDICTION AND VENUE

8.      This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

9.      This Court has personal jurisdiction over MediaTek pursuant to due process and/or the Texas Long Arm Statute because, *inter alia*, (i) MediaTek has done and continues to do business in Texas; and (ii) MediaTek has committed and continues to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling accused products in Texas, and/or importing accused products into Texas, including by Internet sales and/or sales via retail and wholesale stores, inducing others to commit acts of patent infringement in Texas, and/or committing at least a portion of any other infringements alleged herein in Texas. In addition, or in the alternative, this Court has personal jurisdiction over MediaTek pursuant to Fed. R. Civ. P. 4(k)(2) because: (1) it has substantial contacts with the United States and committed and/or induced acts of patent infringement in the United States; and (2) it is not subject to jurisdiction in any state's courts of general jurisdiction.

10.     Venue is proper in this district as to MediaTek, which is organized under the laws of a foreign jurisdiction. 28 U.S.C. § 1391(c)(3) provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants." *See also In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018).

## BACKGROUND

11.     The patents-in-suit generally relate to improvements in wireless communication technology that allow users to communicate over a wireless network.  In particular, the patents

are directed to methods and systems for selecting antennas in multiple-input, multiple-output (MIMO) wireless networks.

12.    The technology of the patents-in-suit was developed by engineers at the Mitsubishi Electric Research Laboratories (MERL), which is the North American arm of Mitsubishi Electric.  MERL was founded in 1991 in Cambridge, Massachusetts, and has been known for its focus on innovation and long-range research.[4]  From its beginning, MERL was focused on pioneering new technologies in various industries, including computer graphics, digital communication, medical imaging, transportation etc.[5]  In the early 2000s, for example, "MERL focused on standardization and developments of new emerging technologies," such as "antenna selection, channel equalization, efficient channel state estimation, and Orthogonal Frequency Division Multiplexing (OFDM)."[6]

13.    The inventions disclosed in the patents-in-suit have been cited during patent prosecution multiple times by electronics companies, including Apple, Broadcom, Cisco, Ericsson, Fujitsu, Hewlett Packard, Hitachi, Huawei, Intel, Kyocera, LG Electronics, Marvell, MediaTek, Motorola Mobility, Nokia, NTT Docomo, Panasonic, Philips, Qualcomm, Siemens, Samsung, Sharp, Sony, Toshiba, and ZTE.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,284,686

14.    On October 9, 2012, United States Patent No. 8,284,686 ("the '686 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention

---

[4] *See* https://www.merl.com/company/history.

[5] *See* https://www.merl.com/public/MERL-30Years.pdf.

[6] *Id*. at 22.

entitled "Antenna/Beam Selection Training in MIMO Wireless LANS with Different Sounding Frames."

15.    Freedom Patents is the owner of the '686 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '686 Patent against infringers, and to collect damages for all relevant times.

16.    MediaTek made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems including, for example, its MediaTek Filogic 360 (MT7925), and other products[7] that comply with the IEEE 802.11ax-2021 standard and implement MIMO Wi-Fi capabilities ("accused products").



**Source:** https://www.mediatek.com/products/broadband-wifi/mediatek-filogic-360



**Source:** https://www.mediatek.com/products/broadband-wifi/mediatek-filogic-360

---

[7] *See, e.g.,* Filogic 860, Filogic 380, Filogic 360, Filogic 880, Filogic 830, Filogic 630, Filogic 615, and Filogic 330, etc.

17.    By doing so, MediaTek has directly infringed (literally and/or under the doctrine of equivalents) at least Claims 1 and 21 of the '686 Patent.  *See* Exhibit A.  MediaTek's infringement in this regard is ongoing.

18.    The MediaTek Filogic 360 (MT7925) is an exemplary accused product.

19.    MediaTek has marketed the benefits of 802.11ax, also known as Wi-Fi 6, to its customers, explaining that "Wi-Fi 6 is best known for delivering new extremes in wireless connectivity performance to devices such as laptops, smartphones, smart TVs, VR headsets, and more."[8]

20.    MediaTek directly infringes the '686 Patent when, for example, it and/or its agents use the accused products, including during testing of the accused products.  MediaTek also directly infringes the '686 Patent when the accused products are used after purchase by a customer or end user.  For example, the accused products are built with hardware and/or software components that control the operation of the accused products.  These components cause the accused products to perform the steps of the claimed invention after, for example, receiving sounding packets.  MediaTek also directly infringes the '686 Patent by exercising direction or control over the use of the accused products by others, including its affiliates, its subsidiaries, its business partners (including certification and testing organizations), and/or its customers and end-users.  MediaTek contracts with, advises, and/or encourages such persons to engage in conduct satisfying one or more elements of the asserted claims, deriving a financial or other benefit (e.g., improved wireless communications) from doing so.  MediaTek conditions these benefits on, for example, such persons performing certain activities involving the accused

---

[8] https://www.mediatek.com/tek-talk-blogs/heres-why-wi-fi-6-is-better-for-iot

products during specified conditions that cause the accused products to perform the steps of the claimed method (e.g., after receiving sounding packets).

21.    MediaTek has had knowledge of the '686 Patent at least as of the date when it was notified of the filing of this action.

22.    MediaTek has also had knowledge of the '686 Patent at least as of April 1, 2014, the date of its U.S. Patent No. 8,687,717, which cited PCT application WO 2007/114804.  This PCT application claimed priority to the U.S. patent application—U.S. Patent App. No. 12/293,458—that led to the '686 Patent.

23.    Freedom Patents has been damaged as a result of the infringing conduct by MediaTek alleged above.  Thus, MediaTek is liable to Freedom Patents in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

24.    Freedom Patents has neither made nor sold unmarked articles that practice the '686 Patent, and is entitled to collect pre-filing damages for the full period allowed by law for infringement of the '686 Patent.

## COUNT II
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,374,096

25.    On February 12, 2013, United States Patent No. 8,374,096 ("the '096 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Method for Selecting Antennas and Beams in MIMO Wireless LANs."

26.    Freedom Patents is the owner of the '096 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '096 Patent against infringers, and to collect damages for all relevant times.

27.     MediaTek used products and/or systems including, for example, its MediaTek Filogic 360 (MT7925), and other products[9] that comply with the IEEE 802.11ax-2021 standard and implement MIMO Wi-Fi capabilities ("accused products").



**Source:** https://www.mediatek.com/products/broadband-wifi/mediatek-filogic-360



**Source:** https://www.mediatek.com/products/broadband-wifi/mediatek-filogic-360

28.     By doing so, MediaTek has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 1 of the '096 Patent.  *See* Exhibit B.  MediaTek's infringement in this regard is ongoing.

29.     The MediaTek Filogic 360 (MT7925) is an exemplary accused product.

30.     MediaTek has marketed the benefits of 802.11ax, also known as Wi-Fi 6, to its customers, explaining that "Wi-Fi 6 is best known for delivering new extremes in wireless

---

[9] *See, e.g.,* Filogic 860, Filogic 380, Filogic 360, Filogic 880, Filogic 830, Filogic 630, Filogic 615, and Filogic 330, etc.

connectivity performance to devices such as laptops, smartphones, smart TVs, VR headsets, and more."[10]

31.    MediaTek directly infringes the '096 Patent when, for example, it and/or its agents use the accused products, including during testing of the accused products.  MediaTek also directly infringes the '096 Patent when the accused products are used after purchase by a customer or end user.  For example, the accused products are built with hardware and/or software components that control the operation of the accused products.  These components cause the accused products to perform the steps of the claimed invention after, for example, receiving sounding packets.  MediaTek also directly infringes the '096 Patent by exercising direction or control over the use of the accused products by others, including its affiliates, its subsidiaries, its business partners (including certification and testing organizations), and/or its customers and end-users.  MediaTek contracts with, advises, and/or encourages such persons to engage in conduct satisfying one or more elements of the asserted claims, deriving a financial or other benefit (e.g., improved wireless communications) from doing so.  MediaTek conditions these benefits on, for example, such persons performing certain activities involving the accused products during specified conditions that cause the accused products to perform the steps of the claimed method (e.g., after receiving sounding packets).

32.    MediaTek has had knowledge of the '096 Patent at least as of the date when it was notified of the filing of this action.

33.    Freedom Patents has been damaged as a result of the infringing conduct by MediaTek alleged above.  Thus, MediaTek is liable to Freedom Patents in an amount that

---

[10] https://www.mediatek.com/tek-talk-blogs/heres-why-wi-fi-6-is-better-for-iot

adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

34.    Freedom Patents has neither made nor sold unmarked articles that practice the '096 Patent, and is entitled to collect pre-filing damages for the full period allowed by law for infringement of the '096 Patent.

**COUNT III**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,514,815**

35.    On August 20, 2013, United States Patent No. 8,514,815 ("the '815 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Training Signals for Selecting Antennas and Beams in MIMO Wireless LANs."

36.    Freedom Patents is the owner of the '815 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '815 Patent against infringers, and to collect damages for all relevant times.

37.    MediaTek used products and/or systems including, for example, its MediaTek Filogic 360 (MT7925), and other products[11] that comply with the IEEE 802.11ax-2021 standard and implement MIMO Wi-Fi capabilities ("accused products").

---

[11] *See, e.g.,* Filogic 860, Filogic 380, Filogic 360, Filogic 880, Filogic 830, Filogic 630, Filogic 615, and Filogic 330, etc.



**Source:** https://www.mediatek.com/products/broadband-wifi/mediatek-filogic-360



**Source:** https://www.mediatek.com/products/broadband-wifi/mediatek-filogic-360

38.     By doing so, MediaTek has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 1 of the '815 Patent.  *See* Exhibit C.  MediaTek's infringement in this regard is ongoing.

39.     The MediaTek Filogic 360 (MT7925) is an exemplary accused product.

40.     MediaTek has marketed the benefits of 802.11ax, also known as Wi-Fi 6, to its customers, explaining that "Wi-Fi 6 is best known for delivering new extremes in wireless connectivity performance to devices such as laptops, smartphones, smart TVs, VR headsets, and more."[12]

_____

[12] https://www.mediatek.com/tek-talk-blogs/heres-why-wi-fi-6-is-better-for-iot

41.     MediaTek directly infringes the '815 Patent when, for example, it and/or its agents use the accused products, including during testing of the accused products.  MediaTek also directly infringes the '815 Patent when the accused products are used after purchase by a customer or end user.  For example, the accused products are built with hardware and/or software components that control the operation of the accused products.  These components cause the accused products to perform the steps of the claimed invention after, for example, receiving sounding packets.  MediaTek also directly infringes the '815 Patent by exercising direction or control over the use of the accused products by others, including its affiliates, its subsidiaries, its business partners (including certification and testing organizations), and/or its customers and end-users.  MediaTek contracts with, advises, and/or encourages such persons to engage in conduct satisfying one or more elements of the asserted claims, deriving a financial or other benefit (e.g., improved wireless communications) from doing so.  MediaTek conditions these benefits on, for example, such persons performing certain activities involving the accused products during specified conditions that cause the accused products to perform the steps of the claimed method (e.g., after receiving sounding packets).

42.     MediaTek has had knowledge of the '815 Patent at least as of the date when it was notified of the filing of this action.

43.     MediaTek has also had knowledge of the '815 Patent at least as of March 17, 2015, the date of its U.S. Patent No. 8,982,714, which cited the patent publication—U.S. Patent Publication No. 2008/0247370—that led to the '815 Patent.

44.     In addition, MediaTek has also had knowledge of the '815 Patent at least as of April 13, 2016, when the Examiner relied on the patent publication that led to the '815 Patent—

U.S. Publication No. 2008/0247370—in an office action to reject MediaTek's U.S. Publication No. 2014/0010156.

45.    Freedom Patents has been damaged as a result of the infringing conduct by MediaTek alleged above.  Thus, MediaTek is liable to Freedom Patents in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

46.    Freedom Patents has neither made nor sold unmarked articles that practice the '815 Patent, and is entitled to collect pre-filing damages for the full period allowed by law for infringement of the '815 Patent.

## ADDITIONAL ALLEGATIONS REGARDING INFRINGEMENT AND PERSONAL JURISDICTION

47.    MediaTek has also indirectly infringed the '686 Patent, the '096 Patent, and the '815 Patent by inducing others to directly infringe the '686 Patent, the '096 Patent, and the '815 Patent.

48.    MediaTek has induced the end users and/or MediaTek's customers to directly infringe (literally and/or under the doctrine of equivalents) the '686 Patent, the '096 Patent, and the '815 Patent by using the accused products.

49.    MediaTek took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes one or more claims of the '686 Patent, the '096 Patent, and the '815 Patent, including, for example, claims 1 and 21 of the '686 Patent, claim 1 of the '096 Patent, and claim 1 of the '815 Patent.

50.    Such steps by MediaTek included, among other things, advising or directing customers, end users, and others (including distributors and equipment services entities) to use

the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner.

51.     MediaTek performed these steps, which constitute joint and/or induced infringement, with the knowledge of the '686 Patent, the '096 Patent, and the '815 Patent and with the knowledge that the induced acts constitute infringement.

52.     MediaTek was and is aware that the normal and customary use of the accused products by MediaTek's customers would infringe the '686 Patent, the '096 Patent, and the '815 Patent.  MediaTek's inducement is ongoing.

53.     MediaTek has also induced its affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or its affiliates' behalf, to directly infringe (literally and/or under the doctrine of equivalents) at least claim 21 of the '686 Patent by importing, selling or offering to sell the accused products.

54.     MediaTek has a significant role in placing the accused products in the stream of commerce with the expectation and knowledge that they will be purchased by consumers in Texas and elsewhere in the United States.

55.     MediaTek purposefully directs or controls the making of accused products and their shipment to the United States, using established distribution channels, for sale in Texas and elsewhere within the United States.

56.     MediaTek purposefully directs or controls the sale of the accused products into established United States distribution channels, including sales to nationwide retailers, wholesalers, distributors, manufacturers, and design laboratories (including, but not limited to, Digi-Key, Amazon, Walmart, Memory for Less, and Mouser).  MediaTek's established United

States distribution channels include one or more United States based affiliates (e.g., MediaTek USA Inc.) and third-parties working on behalf of MediaTek.

57.    MediaTek's United States based affiliates (e.g., MediaTek USA Inc.) operate entirely in support of MediaTek and are not free to sell products of MediaTek's competitors.

58.    MediaTek's United States based affiliates (e.g., MediaTek USA Inc.) were formed by MediaTek to further its domestic sales of the accused infringing products and are controlled by MediaTek to ensure that result.

59.    MediaTek purposefully directs or controls the sale of the accused products online and in nationwide retailers and wholesalers, including for sale in Texas and elsewhere in the United States, and expects and intends that the accused products will be so sold.

60.    MediaTek purposefully places the accused products—whether by itself or through subsidiaries, affiliates, or third parties—into an international supply chain, knowing that the accused products will be sold in the United States, including Texas.  Therefore, MediaTek also facilitates the sale of the accused products in Texas.

61.    MediaTek took active steps, directly and/or through contractual relationships with others, with the specific intent to cause such persons to import, sell, or offer to sell the accused products in a manner that infringes claim 21 of the '686 Patent.

62.    Such steps by MediaTek included, among other things, making or selling the accused products outside of the United States for importation into or sale in the United States, or knowing that such importation or sale would occur; and directing, facilitating, or influencing its affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or its affiliates' behalf, to import, sell, or offer to sell the accused products in an infringing manner.

63.    MediaTek performed these steps, which constitute induced infringement, with the knowledge of the '686 Patent, the '096 Patent, and the '815 Patent, and with the knowledge that the induced acts would constitute infringement.

64.    MediaTek performed such steps in order to profit from the eventual sale of the accused products in the United States.

65.    MediaTek's inducement is ongoing.

66.    MediaTek has also indirectly infringed by contributing to the infringement of the '686 Patent, the '096 Patent, and the '815 Patent.  MediaTek has contributed to the direct infringement of the '686 Patent, the '096 Patent, and the '815 Patent by the end user of the accused products.

67.    The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the '686 Patent, the '096 Patent, and the '815  Patent, including, for example, claims 1 and 21 of the '686 Patent, claim 1 of the '096 Patent, and claim 1 of the '815 Patent.

68.    The special features include, for example, hardware and/or software components especially adapted for transmitting/receiving sounding packets and estimating channel matrices for the selection of antennas in a multiple-input, multiple-output wireless network, used in a manner that infringes the '686 Patent, the '096 Patent, and the '815 Patent.

69.    These special features constitute a material part of the invention of one or more of the claims of the '686 Patent, the '096 Patent, and the '815 Patent, and are not staple articles of commerce suitable for substantial non-infringing use.

70.    MediaTek's contributory infringement is ongoing.

71.     MediaTek has had actual knowledge of the '686 Patent, the '096 Patent, and the '815 Patent at least as of the date when it was notified of the filing of this action.  Since at least that time, MediaTek has known the scope of the claims of the '686 Patent, the '096 Patent, and the '815 Patent, the products that practice the '686 Patent, the '096 Patent, and the '815 Patent, and that Freedom Patents is the owner of the '686 Patent, the '096 Patent, and the '815 Patent.

72.     By the time of trial, MediaTek will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '686 Patent, the '096 Patent, and the '815 Patent.

73.     Furthermore, MediaTek has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Freedom Patents' patent rights. *See, e.g.*, M. Lemley, "Ignoring Patents," 2008 Mich. St. L. Rev. 19 (2008).

74.     MediaTek's customers have infringed the '686 Patent, the '096 Patent, and the '815 Patent.  MediaTek encouraged its customers' infringement.

75.     MediaTek's direct and indirect infringement of the '686 Patent, the '096 Patent, and the '815 Patent has been, and/or continues to be willful, intentional, deliberate, and/or in conscious disregard of Freedom Patents' rights under the patents-in-suit.

76.     Freedom Patents has been damaged as a result of MediaTek's infringing conduct alleged above.  Thus, MediaTek is liable to Freedom Patents in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **JURY DEMAND**

Freedom Patents hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Freedom Patents requests that the Court find in its favor and against MediaTek, and that the Court grant Freedom Patents the following relief:

a.    Judgment that one or more claims of the '686 Patent, the '096 Patent, and the '815 Patent have been infringed, either literally and/or under the doctrine of equivalents, by MediaTek and/or all others acting in concert therewith;

b.    A permanent injunction enjoining MediaTek and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '686 Patent, the '096 Patent, and the '815 Patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the '686 Patent, the '096 Patent, and the '815 Patent by such entities;

c.    Judgment that MediaTek account for and pay to Freedom Patents all damages to and costs incurred by Freedom Patents because of MediaTek's infringing activities and other conduct complained of herein, including an award of all increased damages to which Freedom Patents is entitled under 35 U.S.C. § 284;

d.    That Freedom Patents be granted pre-judgment and post-judgment interest on the damages caused by MediaTek's infringing activities and other conduct complained of herein;

e.    That this Court declare this an exceptional case and award Freedom Patents its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f.    That Freedom Patents be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: April 24, 2025                    Respectfully submitted,

                                         */s/ Zachariah S. Harrington*
                                         Matthew J. Antonelli
                                         Texas Bar No. 24068432
                                         matt@ahtlawfirm.com
                                         Zachariah S. Harrington
                                         Texas Bar No. 24057886
                                         zac@ahtlawfirm.com
                                         Larry D. Thompson, Jr.
                                         Texas Bar No. 24051428
                                         larry@ahtlawfirm.com
                                         Rehan M. Safiullah
                                         Texas Bar No. 24066017
                                         rehan@ahtlawfirm.com
                                         Hannah D. Price
                                         Texas Bar No. 24116921
                                         hannah@ahtlawfirm.com

                                         ANTONELLI, HARRINGTON
                                         & THOMPSON LLP
                                         4306 Yoakum Blvd., Ste. 450
                                         Houston, TX 77006
                                         (713) 581-3000

                                         Stafford Davis
                                         State Bar No. 24054605
                                         sdavis@stafforddavisfirm.com
                                         Catherine Bartles
                                         Texas Bar No. 24104849
                                         cbartles@stafforddavisfirm.com

                                         THE STAFFORD DAVIS FIRM
                                         815 South Broadway Avenue
                                         Tyler, Texas 75701
                                         (903) 593-7000
                                         (903) 705-7369 fax

                                         *Attorneys for Freedom Patents LLC*