# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| FREEDOM PATENTS LLC, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> MEDIATEK INC., § <br> § <br> *Defendant.* § <br> § | Civil Action No. 4:25-cv-425 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Mediatek's Motion to Dismiss Freedom Patents' Complaint Pursuant to Federal Rule of Procedure 12(b)(6) (Dkt. #19). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

Plaintiff is a Texas-based patent licensing entity that owns U.S. Patent Nos. 8,284,686 ("the '686 Patent"), 8,374,096 ("the '096 Patent"), and 8,514,815 ("the '815 Patent") (collectively, the "Asserted Patents") (Dkt. #1 at p. 18). The Asserted Patents generally relate to techniques for antenna selection in multiple-input, multiple-output ("MIMO") wireless local area networks, such as those compliant with the IEEE 802.11ax standard (Dkt. #19 at p. 8).

Freedom Patents alleges that Defendant directly and indirectly infringes the Asserted Patents by designing, manufacturing, selling, and offering for sale certain semiconductor products—including the MediaTek Filogic 360 chipset—that implement MIMO Wi-Fi capabilities (Dkt. #19 at p. 8). According to Plaintiff, the accused products perform the claimed steps of the Asserted Patents when used in compliance with the 802.11ax standard, either by Defendant during testing or by end users in the field (Dkt. #19 at p. 14; Dkt. #24 at p. 8). Plaintiff further alleges that

Defendant induced infringement by instructing or encouraging others to use the products in an infringing manner, and contributed to infringement by supplying components that have no substantial non-infringing uses (Dkt. #24 at p. 17).

Defendant disputes these allegations and moves to dismiss the complaint under Rule 12(b)(6), arguing that Plaintiff fails to plausibly allege any form of infringement (Dkt. #27 at pp. 5–6). As to direct infringement, Defendant contends that Plaintiff does not allege that Defendant—or any single entity—performs all steps of the method claims, and that Plaintiff's reliance on system-level operation involving multiple stations is insufficient (Dkt. #27 at pp. 7–8). Defendant also challenges the indirect infringement allegations, asserting that the Complaint does not adequately plead pre-suit knowledge, intent, or lack of substantial non-infringing uses (Dkt. #19 at p. 19; Dkt, #27 at pp. 11–12).

Plaintiff responds that its Complaint provides detailed claim charts mapping the asserted claims to the accused products, and that it plausibly pleads direct and indirect infringement (Dkt. #24 at p. 6). Plaintiff also argues that Defendant's demand for greater specificity is premature at the pleading stage and that Defendant's own prior patent filings cited the Asserted Patents or their parent applications, establishing pre-suit knowledge (Dkt. #24 at p. 6).

On May 23, 2025, Plaintiff filed this suit asserting claims for direct, induced, and contributory infringement of the Asserted Patents (Dkt. #1). On June 30, 2025, Defendant moved to dismiss the Complaint Rule 12(b)(6), arguing that Plaintiff failed to plausibly allege any theory of infringement (Dkt. #19). On July 21, 2025, Plaintiff filed its Response (Dkt. #24). On August 4, 2025, Defendant filed its Reply (Dkt. #27). The Motion is now ripe for adjudication.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and

disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing Plaintiff's Complaint and the arguments presented in the briefs, the Court finds that Plaintiff has stated plausible claims for relief under Rule 12(b)(6). Accordingly, the Court **DENIES** Defendant's Motion to Dismiss.

## CONCLUSION

It is therefore **ORDERED** that Mediatek's Motion to Dismiss Freedom Patents' Complaint Pursuant to Federal Rule of Procedure 12(b)(6) (Dkt. #19) is hereby **DENIED**.

 **IT IS SO ORDERED.**
SIGNED this 8th day of August, 2025.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE